UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>ENCARNACION GONZALEZ-VILLALOBOS,<br><br>                    Defendant. | NO:  CR-11-2095-RMP<br><br>ORDER MEMORIALIZING COURT'S RULING RE CONTINUANCE AND DENYING DEFENDANT'S MOTION TO DISMISS |

A pretrial hearing was held in this matter on November 17, 2011.  The Defendant, who is in custody, was present and represented by Attorney Nicholas W. Marchi and was assisted by Court-certified Interpreter Bea Rump.  The Government was present and represented by Assistant United States Attorney Alison Gregoire.  Before the Court is Defendant's Motion to Dismiss Case, ECF No. 34, and Defendant's oral motion to Continue Trial.  The Court has reviewed the file and motion and is fully informed.  This Order is entered to memorialize and supplement the oral rulings of the Court.

ORDER MEMORIALIZING COURT'S RULING RE CONTINUANCE AND DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

***Defendant's Motion to Dismiss***

The indictment in this matter charges Defendant with being an alien in the United States after Defendant moves to dismiss the indictment on the basis of deficiencies in the underlying removal proceedings.[1]

<u>Timeline of Events</u>

Due to the complexity of the relevant factual background, the Court provides the following, brief timeline:

On March 24, 1986, then-INS completed an I-213 (Record of Deportable Alien) for Mr. Gonzalez-Villalobos, for an Alien File ("A-File") number "A27-641-910." ECF No. 36-1 at 14. The I-213 recites that Mr. Gonzalez-Villalobos was arrested for cocaine possession with intent to deliver on March 21, 1986, and would be arraigned in Yakima County Superior Court on March 26, 1986. INS agents "assisted the drug unit in the service of a search warrant for drugs at [Mr. Gonzalez-Villalobos's] residence." ECF No. 36-1 at 14. The I-213 also recited that the United States had authorized a prosecution against Mr. Gonzalez-Villalobos for possessing a firearm as an alien in the Eastern District of Washington.

On March 25, 1986, Mr. Gonzalez-Villalobos was served an order to show

---

[1] The Court uses the terms "removal" and "deportation" interchangeably in this Order. *See Lolong v. Gonzales*, 484 F.3d 969, 979 (9th Cir. 2007) (en banc).

ORDER MEMORIALIZING COURT'S RULING RE CONTINUANCE AND DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

cause by INS, alleging deportability as an alien in U.S. who entered without inspection

On July 16, 1986, Mr. Gonzalez-Villalobos was convicted of possession of cocaine in Yakima County Superior Court.  On September 26, 1986, Mr. Gonzalez-Villalobos was sentenced in the Eastern District of Washington for being an alien in possession of a firearm.

On January 5, 1987, Mr. Gonzalez-Villalobos's deportation hearing was administratively closed until respondent was located.  Later that year, on December 14, 1987, Mr. Gonzalez-Villalobos was released from federal custody after serving his concurrent terms of imprisonment and was taken into custody by INS.  However, on December 22, 1987, Mr. Gonzalez-Villalobos was released from INS custody because he was a class member in the pending class action suit.

On May 2, 1988, Mr. Gonzalez-Villalobos applied for legal status as a "special agricultural worker" ("SAW") under 8 U.S.C. § 1160 (INA §210A).  All of the information pertaining to Mr. Gonzalez-Villalobos's SAW application was contained in an A-File numbered "A90-939-678."  ECF No. 36-1 at 26.  Around the same time, the INS canceled the pending show cause order.  The INS later denied Mr. Gonzalez-Villalobos's SAW application on November 1, 1989.  Mr. Gonzalez-Villalobos appealed the denial, and on February 4, 1991, the Legalization Appeals Unit of the INS dismissed his appeal.

On November 6, 1991, Mr. Gonzalez-Villalobos visited the INS office to inquire about SAW application and was detained by INS. The same day, INS completed a second I-213 (Record of Deportable Alien), this time reciting Mr. Gonzalez-Villalobos's conviction history, his sentences, and detention history. The November 6, 1991, I-213 bore the A-File number "A27 641 910."

On November 7, 1991, INS issued an order to show cause, alleging that Mr. Gonzalez-Villalobos was deportable as an alien who was convicted of a controlled substance offense. At a removal hearing on April 8, 1992, Mr. Gonzalez-Villalobos moved for, and the immigration judge ("IJ") denied, a suppression hearing on the basis that INS agents wrongfully discovered Mr. Gonzalez-Villalobos's conviction history from looking through his SAW file. The IJ ordered Mr. Gonzalez-Villalobos removed. On January 22, 1999, the Board of Immigration Appeals ("BIA") affirmed the IJ's denial of the motion for a suppression hearing and the removal order.

*Analysis*

"Because the underlying removal order serves as a predicate element of [a § 1326 illegal reentry offense], a defendant charged with that offense may collaterally attack the removal order under the due process clause." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004).

To succeed on a collateral attack, a defendant must establish that: (1) he exhausted available administrative remedies; (2) the deportation proceedings

deprived him of the opportunity for judicial review; and (3) the deportation order was "fundamentally unfair." 8 U.S.C. § 1326(d).  The entry of a removal order was "fundamentally unfair" if (1) his due process rights were violated by defects in the underlying deportation proceedings, and (2) he was prejudiced by those defects. *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (citations omitted); *United States v. Muro-Inclan*, 249 F.3d 1180, 1184 (9th Cir. 2001) ("When a petitioner moves to dismiss an indictment under 8 U.S.C. § 1326 based on a due process violation in the underlying deportation proceeding, he must show prejudice resulting from the due process violation").

  Defendant challenges his underlying removal order, issued in April 1992, on two bases: (1) the removal order was based on conviction records that were discovered in violation of the law because documents in the SAW file cannot be used to initiate removal proceedings; and (2) the IJ erroneously denied Mr. Gonzales-Villalobos's request for an evidentiary hearing.

  The exclusionary rule has very limited application in immigration proceedings. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050 (1984) (plurality opinion) (holding that, generally, the exclusionary rule does not apply in civil deportation hearings to evidence obtained as a result of a violation of the Fourth Amendment).  Following *Lopez-Mendoza*, evidence may be excluded from immigration proceedings in two circumstances:

> The blanket rule announced in Lopez–Mendoza did not address the potential exclusion of evidence in two circumstances. First, the rule did not cover instances where transgressions implicate "fundamental fairness and undermine the probative value of the evidence obtained." [*I.N.S. v. Lopez-Mendoza*, 468 U.S. at 1050–51]. Second, the Court did not address challenges "to the INS's own internal regulations." *Id*. The inadmissibility of evidence that undermines fundamental fairness stems from the Fifth Amendment due process guarantee that operates in removal proceedings. *See, e.g., Bridges v. Wixon*, 326 U.S. 135, 152–53, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945); *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68, 74 S.Ct. 499, 98 L.Ed. 681 (1954). As for the specific application of this doctrine in a case of alleged regulatory violations, there is no "rigid rule ... under which every violation of an agency regulatory requirement results in ... the exclusion of evidence from administrative proceedings." *Matter of Garcia–Flores*, 17 I. & N. Dec. 325, 327 (BIA 1980). Instead, the BIA has adopted from the Ninth Circuit a two-prong test to evaluate the potential exclusion of evidence obtained through a violation of agency regulations. First, the regulation must serve a "purpose of benefit to the alien." *Id*. at 328. Second, the regulatory violation will render the proceeding unlawful "only if the violation prejudiced interests of the alien which were protected by the regulation." *Id*.

*Chuyon Yon Hong v. Mukasey*, 518 F.3d 1030, 1035 (9th Cir. 2008).

The test for admissibility of documentary evidence in deportation proceedings is whether the evidence is probative and whether its use is fundamentally fair. *Trias-Hernandez v. INS*, 528 F.2d 366 (9th Cir. 1975); *Matter of Barcenas*, 19 I. & N. Dec. 609, 610-11 (BIA 1988).

At the time of Defendant's 1992 deportation hearing, 8 U.S.C.A. § 1251 (1992) provided, "Any alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State,

the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." The government has the burden of proof in immigration and must prove the facts supporting deportability by "clear, unequivocal, and convincing evidence." *Cortez-Acosta v. I.N.S.*, 234 F.3d 476 (9th Cir. 2000) (citing *Gameros-Hernandez v. INS*, 883 F.2d 839, 841 (9th Cir.1989) (citing *Woodby v. INS*, 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966)).

Even if the Court were to find that the IJ's denial of Mr. Gonzalez-Villalobos's motion for a suppression hearing rose to the level of a constitutional defect, Mr. Gonzalez-Villalobos cannot show that he was prejudiced by the denial. *See Ubaldo–Figueroa*, 364 F.3d at 1048. The Government had evidence of Mr. Gonzalez-Villalobos's 1986 conviction independent of any documents in the SAW file to satisfy the elements for deportability under 8 U.S.C. § 1251; there is ample evidence of the cocaine conviction in the A-File that was maintained for Mr. Gonzalez-Villalobos for at least two years before he filed for SAW relief in 1988. Therefore, Mr. Gonzalez-Villalobos cannot show the requisite prejudice for a successful collateral challenge of an underlying deportation order. *See Ubaldo–Figueroa*, 364 F.3d at 1048.

The Court denies Defendant's motion to dismiss the indictment, ECF No. 34.

*Defendant's Motion to Continue*

Defendant moves for a continuance in order to allow additional time to investigate this case. The Government does not object to a continuance in this matter.

The Court finds that the ends of justice served by the granting of a continuance of the trial in this matter outweigh the best interests of the public and the Defendants in a speedy trial. A trial date of December 12, 2011, would deprive defense counsel of adequate time to obtain and review discovery and provide effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7). Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Indictment, **ECF No. 34**, is **DENIED** for the reasons articulated above.

2. Defendant's oral Motion to Continue Trial is **GRANTED**.

3. The original trial date of December 12, 2011, is **STRICKEN and RESET** to **January 9, 2012,** at **1:00 p.m.** in **Yakima,** Washington.

4. A pretrial conference is set for **December 15, 2011,** at **11:30 a.m.** with a **final** pretrial conference on **January 9, 2012,** at **11:00 a.m.** All hearings shall take place in **Yakima**, Washington.

5.	Discovery motions and Motions *in limine* shall be filed and served on or before **November 23, 2011**.

6.	Responses to motions shall be filed by **December 1, 2011**.

7.	Replies shall be filed by **December 8, 2011**.

8.	Trial briefs, requested voir dire, and a set of proposed **joint jury instructions** shall be filed and served on or before **December 30, 2011.**

    a.	Jury Instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions, and a proposed verdict form.

    b.	Parties shall supply the Court electronically with Joint Proposed Jury Instructions in Word or WordPerfect format and shall include:

        i.	The instructions on which the parties agree; and

        ii.	Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree).

    c.	All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1.(c).

1        d.    Each party shall address any objections they have to instructions proposed by any other party in a memorandum by **January 6, 2012**. The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection. Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports the objection. Failure to file an objection to any instruction may be construed as consent to the adoption of an instruction proposed by another party.

9.    Plaintiff's trial exhibits, if any, are to be numbered 1 through 199; defendant's exhibits, if any, 200 and following.

10.    A Waiver of Speedy Trial Rights was signed by the Defendant. All time from the trial date of **December 12, 2011**, to the new trial date of **January 9, 2012**, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

12.    The parties are requested to submit courtesy copies of witness and exhibit lists to the Court no later than **12:00 noon the Thursday before trial**

1  **commences**.

2     The District Court Executive is directed to file this Order and provide copies

3  to counsel.

4     **DATED** this 21st day of November, 2011.

5

6

7                          *s/ Rosanna Malouf Peterson*
                          ROSANNA MALOUF PETERSON
8                         Chief United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

ORDER MEMORIALIZING COURT'S RULING RE CONTINUANCE AND
DENYING DEFENDANT'S MOTION TO DISMISS ~ 11